IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM LEE RICH, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 4:22-cv-00667-W-DGK |
| ADAM BRADLEY ARCHIBEQUE, et al., | ) ) ) |
|     Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This case arises from allegations of excessive force during an alleged unlawful arrest. On October 7, 2016, Defendant Officer Adam Archibeque ("Archibeque") of the Marshall, Missouri, Police Department allegedly beat Plaintiff William Lee Rich and then arrested him after being called to Plaintiff's home for a domestic disturbance.

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against Archibeque, Mike Donnell ("Donnell"), and the City of Marshal, Missouri (the "City") (collectively, "Defendants"). Plaintiff alleges Defendants engaged in unconstitutional conduct involving excessive force (Count I), wrongful entry and arrest without probable cause (Count II), failure to protect (Count III), and abuse of process (Count IV). The Court previously dismissed the official capacity claims against Archibeque and Donnell and the common law abuse of process claim against the City.

Now before the Court is Defendants' motion for summary judgment on the individual capacity claims against Archibeque and Donnell and the remaining municipal liability claims against the City. ECF No. 55.

For the reasons discussed below, Defendants' the motion is GRANTED.

## Standard

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Undisputed Material Facts

To resolve the motion, the Court must first determine the material undisputed facts. The Court has limited the facts to those that are undisputed and material to the pending summary judgment motion. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). The Court has excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). However, the Court has included inferences from undisputed material facts and facts the opposing party has not controverted

2

properly. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(b).[1]

On October 7, 2016, Archibeque was a police officer working for the City and Donnell was the City's police chief. Donnell remains the City's police chief.

On October 7, 2016, Archibeque responded to a service call for a domestic disturbance at Plaintiff's residence in Marshall, Missouri. Plaintiff was one of the people present when Archibeque arrived. After arriving, Archibeque interacted with Plaintiff and subsequently placed him in custody for less than one hour.[2]

Plaintiff claims Archibeque used excessive force against him, made an impermissible entry into his residence, and arrested him without sufficient cause on October 7, 2016. Plaintiff believed Archibeque probably needed a warrant to enter the residence on October 7, 2016.

On October 8, 2016, a Probable Cause Statement and Information was filed against Plaintiff by the City's prosecuting attorney. That same day, Plaintiff's bond was set at $2,500.00. Archibeque did not prepare, file, or submit the Probable Cause Statement which led to the filing of these criminal charges.

Plaintiff posted bond on October 11, 2016, and was released from custody. Plaintiff's arraignment occurred on October 19, 2016, where Plaintiff's attorney appeared on his behalf, waived arraignment, and entered a not guilty plea. Plaintiff's bond was revoked on several

---

[1] Plaintiff did not include a separate statement of additional facts despite relying on facts not contained in Defendants' suggestions. *See* L.R. 56.1(b)(2). Accordingly, the only facts included are those offered in Defendants' opening brief. Further, the Court has excluded undisputed facts that are immaterial to the statute of limitation issues discussed below.

[2] As best the Court can tell, Archibeque and Plaintiff had a physical altercation inside Plaintiff's residence resulting in Plaintiff being transported to a local hospital. These facts, however, were not properly presented in the parties' briefs. While these facts provide some narrative background to what happened, they are not germane to resolving the statute of limitation issues discussed below.

occasions because he failed to comply with court orders and conditions of his bond.³

Donnell was not present at the scene of the call for service on October 7, 2016, and was not in any way involved in that incident. Donnell was not involved in the preparation of the Probable Cause Statement filed in connection with Plaintiff underlying criminal case. Donnell was not involved in the confinement or detention of Plaintiff following the October 7, 2016, incident.

### Discussion⁴

Plaintiff filed this case on September 1, 2022, in the Circuit Court of Saline County, Missouri. Defendants removed. The primary issue is whether Plaintiff's claims are time barred under Missouri's applicable statutes of limitation. Plaintiff contends he timely filed his case because the accrual date for each of his four claims is September 21, 2017, the date the underlying charges against him in Saline County were dismissed.⁵ As discussed below, each of Plaintiff's claims are time barred.

---

³ These revocations resulted in Plaintiff's underlying charges for resisting lawful detention and assault of a law enforcement officer to be amended. The amended charges included three Class A misdemeanors for failure to appear. *See* Am. Misdemeanor Info., ECF No. 66-6.

⁴ As a general matter, Plaintiff's counsel's summary judgment briefing is wholly deficient. Plaintiff's counsel consistently fails to respond to Defendants' arguments or cite authority resulting in waiver of most of the issues. This is not the first time Plaintiff's counsel has submitted deficient briefs in this case. *See* ECF No. 37 at 5 (noting "Plaintiff filed a poorly organized and supported brief that does not address [Defendants'] latter two arguments and provides only a cursory response to the first argument."); ECF No. 68 (granting Defendants' motion for judgment on the pleadings because Plaintiff failed to cite any authority in support of his argument). These issues raise concerns about Plaintiff's counsel's competence.

⁵ Plaintiff's statute of limitation argument is presented in a standalone section of his opposition brief, untethered to specific claims, and contains no authority addressing when each claim accrued. *See* Suggestions in Opp'n at 25–27, ECF No. 66. Because Plaintiff does not address Defendants' statute of limitation arguments anywhere else in his opposition, the Court construes this portion of Plaintiff's brief to apply to all four counts. Plaintiff also contends that May 23, 2019, could be an applicable accrual date because that is the date the amended charges (i.e., the failure to appear misdemeanors) against him were dropped. *See id.* at 26–27. Because those amended charges are unrelated to the October 7, 2016, incident, the May 23, 2019, dismissal date is inapplicable to the claims asserted here. Accordingly, the only accrual date Plaintiff alleges for his four claims is September 21, 2017.

4

I. **Plaintiff's § 1983 claims are time barred.**

Defendants argue Plaintiff's § 1983 claims are time barred under Missouri's five-year statute of limitation for personal injury actions because his case was filed more than five years after the events giving rise to each claim. Plaintiff contends his § 1983 claims were timely filed.

Plaintiff's § 1983 claims are governed by "Missouri's five-year statute of limitations for personal injury actions." *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766 (8th Cir. 2005). Although length and potential tolling of the statute of limitations is governed by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, § 1983 claims accrue "when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Id.* (internal quotation marks omitted). This inquiry, however, is claim specific. That is, accrual dates under § 1983 may differ based on the constitutional violation alleged and the facts surrounding each claim. Accordingly, for Plaintiff's § 1983 claims to have been timely filed on September 1, 2022, each claim must have accrued on or after September 1, 2017.

As an initial matter, Plaintiff's opposition does not engage in this claim specific inquiry. *See supra* note 5 (noting Plaintiff's unsupported assertion that all his claims accrued September 21, 2017). Plaintiff's failure to cite authority or to reasonably respond to Plaintiff's arguments represents waiver of the issue. *See Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (stating the "failure to oppose a basis for summary judgment constitutes waiver of that argument"); *United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument."). But even if Plaintiff had not waived the issue, his § 1983 claims are time barred for the reasons discussed below.

5

### a. Count I's excessive force claim is time barred.

Count I is brought against all Defendants and alleges the use excessive force arising out of the interaction between Archibeque and Plaintiff at Plaintiff's residence. Defendants argue the excessive force claim accrued on October 7, 2016, because that is the date the alleged wrongful acts occurred. It is well established that an excessive force claim accrues from date the conduct occurred. *See Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019) (finding the plaintiff's excessive force claim accrued the day he was killed).

Accordingly, because Count I accrued on October 7, 2016, it is time barred under Missouri's five-year statute of limitations.

### b. Count II's wrongful entry and arrest without probable claim cause is time barred.

Count II is brought against all Defendants and claims wrongful entry and arrest without probable cause. Defendants characterize Count II as alleging an unlawful search and seizure. Plaintiff agrees. *See* Suggestions in Opp'n at 29, ECF No. 66 ("Plaintiff respectfully suggests that the conduct of Archibeque violated a constitutional right . . . [namely] to be free from unreasonable searches and seizures except on the basis of probable cause.").

Defendants argue this claim accrued on October 7, 2016, because that is the date the alleged wrongful acts occurred. Again, it is well established that an unlawful search and seizure claim accrues the date the conduct occurred. *See Hall v. Elrod*, 399 F. App'x 136, 137 (8th Cir. 2010) (stating "claims arising out of police action, such as search and seizure, are presumed to have accrued when actions actually occurred" (citation omitted)); *Rassier v. Sanner*, 996 F.3d 832, 837 (8th Cir. 2021) (same).

Further, even if the accrual date was calculated based on the date of arraignment, Plaintiff's claim accrues no later than October 19, 2016. The record is clear that the Information against

6

Plaintiff was filed on October 8, 2016, Plaintiff posted bond on October 11, 2024, and Plaintiff waived arraignment on October 19, 2016. Thus, any claim for unlawful arrest or false imprisonment accrued "when legal process was initiated against him" not "after the State dropped the charges" on September 21, 2017. *See Wallace*, 549 U.S. at 390.

Accordingly, because Count II accrued no later than October 19, 2016, it is time barred under Missouri's five-year statute of limitations.

### c. Count III's failure to protect claim is time barred.

Count III is brought against all Defendants and alleges a failure to protect. Defendants argue the claim in Count III accrued on October 7, 2016, because it arises out of Archibeque's alleged use of excessive force at Plaintiff's residence on October 7, 2016. Plaintiff does not address this argument in opposition or assert facts showing the alleged failure to protect occurred at any other time. In fact, Plaintiff's opposition focuses solely on the events of October 7, 2016. *See* Suggestion in Opp'n at 30.

Accordingly, because Count III accrued on October 7, 2016, it is time barred under Missouri's five-year statute of limitations.

## II. Count IV's abuse of process claim is time barred.

Count IV is brought against Archibeque and Donnell[6] and is titled "Section 1983, 1981, and 1985 Abuse of Process." While it is unclear what specific claims Plaintiff pursues under these statues, the Court limits its discussion to the common law abuse of process claim because it is the only claim Plaintiff addresses in opposition.[7] *See* Suggestions in Opp'n at 30–32.

---

[6] Although Count IV's heading indicates the abuse of process claim is brought only against Archibeque, the allegations could be construed to apply to both Archibeque and Donnell. Accordingly, the Court analyzes it as such.

[7] To the extent Plaintiff pled other claims under Count IV, he has waived them by failing to reasonably respond to Defendant's motion. *See* Suggestions in Supp. at 19–21, ECF No. 56 (discussing potential claims under sections 1983, 1981 and 1985); *Satcher*, 558 F.3d at 735.

Defendants argue Plaintiff's abuse of process claims is subject to a three-year statute of limitations because the claim is brought against Archibeque and Donnell for actions taken in the course of their official duties. Plaintiff does not address this argument. Under Missouri law, a three-year statute of limitations applies to civil actions "against a sheriff, coroner or other officer, upon liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty." Mo. Rev. Stat. § 516.130.1. Missouri appellate courts as well as federal courts applying Missouri law have uniformly held that this provision applies to a municipal police officer's actions taken in his official capacity. *See Irvin v. Brown*, No. 4:22-CV-00256-DGK, 2023 WL 3853963, at *2 (W.D. Mo. June 6, 2023) (collecting cases). Plaintiff agrees that Archibeque and Donnell worked for the Marshall Police Department and engaged in the alleged wrongful conduct in their official capacities. Thus, Missouri's three-year statute of limitation applies to Count IV.

Accordingly, even if Plaintiff's abuse of process claim accrued on September 21, 2017—as Plaintiff contends—the claim is still time barred under Missouri's three-year statute of limitation.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date: April 25, 2024

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT